CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

November 10, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BRADLEY RAY DAVIS,** ) | |
| Plaintiff, ) | Civil Action No. 7:23cv00744 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| **RYAN EATON, et al.,** ) | By: Robert S. Ballou |
| Defendants. ) | United States District Judge |

Plaintiff Bradley Ray Davis, a former Virginia inmate proceeding *pro se*, brings a §1983 action against defendants alleging excessive force during his arrest. Defendant Connor Martin filed a Motion to Dismiss, asserting that Davis has failed to state a claim against him for which relief may be granted. Defendants Zachary Guynn, Robert Patteson, and Thomas Tickle have filed a Motion to Dismiss arguing the suit against them is barred by the applicable two-year statute of limitations. Because Davis has failed to allege sufficient facts to support a claim against defendant Martin, I grant Martin's motion to dismiss. However, I deny defendants Guynn, Patteson, and Tickle's motion to dismiss, because although plaintiff named these defendants after the statute of limitations had run, these defendants have not shown, at least at the motion to dismiss stage, that the amendment does not relate back to the original complaint.

## I. BACKGROUND

### A. Procedural Background

Davis filed this action alleging that officers used excessive force when arresting him at his mother's home in Glen Lyn, Virginia on January 23, 2023. His original complaint postmarked November 9, 2023, and received November 15, 2023, named as defendants John Doe #1, John Doe #2, and John Doe #3, law enforcement officers with the Giles County Sheriff's Office. On July 8, 2024, the court ordered Davis to respond with additional information to identify the John

Doe defendants. (Dkt. No. 9.) He then named ten officers, including Ryan Eaton, Connor Martin, Scott Moye, Robert Patteson, and Thomas Tickle as present at the scene of his arrest. (Dkt. No. 10.)

The court then ordered Davis to provide additional information to identify the three officers he intended to sue as John Does #1, #2, and #3. (Dkt. No. 11.) Davis responded that Ryan Eaton, Connor Martin, and Scott Moye were the officers who violated his rights. (Dkt. No. 12.) Finally, the court directed Davis to specify which officer was John Doe #1, which officer was John Doe #2, and which officer was John Doe #3. (Dkt. No. 13.) Davis complied. On October 17, 2024, the court directed the Clerk to update the docket to reflect the names of the defendants, Ryan Eaton as John Doe #1, Connor Martin as John Doe #2, and Scott Moye as John Doe #3 and directed the Clerk to attempt service of process on the defendants. (Dkt. No. 15.)

On December 16, 2024, the defendants answered the complaint and demanded a jury trial. Davis sent Interrogatories and Request for Production of Documents to the defendants on March 21, 2025. He also filed a Motion for Leave to Amend his Complaint, attaching an unsigned copy of his proposed Amended Complaint. The court granted the motion, directing him to submit a signed copy of the Amended Complaint within 30 days. His Amended Complaint included a little more detail about the defendants' actions on January 23, 2023. The defendants again filed an answer, and the matter was set for trial.

On May 15, 2025, Davis filed another Motion to Amend his Complaint, noting that he had learned in discovery that he mistakenly identified Scott Moye as a defendant, but that he wished to dismiss Moye and add Guynn, Patteson, and Tickle in his Second Amended Complaint. On June 2, 2025, the court granted the motion and directed the Clerk to docket the Second Amended Complaint. (Dkt. No. 43.) In addition to adding three defendants, Davis

2

provided much greater detail in his Second Amended Complaint.[1]  (Dkt. No. 44.)  Defendant Martin filed a Motion to Dismiss the Second Amended Complaint for failure to state a claim against him.  After returning their Waiver of Service forms, the three newly added defendants timely filed their Motion to Dismiss, alleging that the suit against them is barred by the applicable statute of limitations.

B. **Factual Allegations**

Davis alleges that officers from the Giles County Sheriff's Office came to his parents' home on January 23, 2023, to arrest him for theft of heat pumps.  Davis hid in the attic to avoid arrest.  After approximately 30 minutes, Patteson removed some sheetrock behind the chimney.  Martin saw Davis and tried unsuccessfully to grab his leg as Davis escaped to the other side of the attic and lowered himself into a bedroom closet through the attic access panel. Davis heard the officers running towards the bedroom, after one said, "He is not in there [the attic] anymore."  Davis then came out of the closet and lay face down on the ground with his hands out to be arrested.  He was not resisting.

While Davis remained prone on the ground, defendant Tickle tased him and kicked him repeatedly in the head and forehead.  Eaton, Guynn, and Patteson were present, and one of them stomped on his left-hand multiple times.  Davis lost consciousness briefly, but a repeat charge from the taser awoke him, and Tickle kicked him again.  The cycle of being tased and kicked repeated several times.  Finally, Guynn and Patteson put Davis in handcuffs and carried him from the house and to an ambulance to be checked by EMTs.

---

[1] On August 29, 2025, Davis filed another Motion to Amend his Complaint to include a page inadvertently missing from the Second Amended Complaint.  The court permitted the correction, noting that the defendants did not need to file new responsive pleadings.  (Dkt. No. 70.)

3

An EMT removed two taser probes from Davis's left chest and right rib cage. Davis asked the deputies to loosen the cuffs on his hands because his left hand was swelling, but his request was ignored. When the paramedics asked Davis if he wanted to go to the hospital, Tickle intervened and said, "Hell no, he ain't going to the hospital." Instead, he was transported to the New River Valley Regional Jail, where corrections officers placed him in the medical unit. He suffered a concussion and multiple fractures in his hand.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. The court must accept as true all well-pled factual allegations in the complaint and reasonable inferences from those facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Legal conclusions, formulaic recitations of the elements of a cause of action, speculative assertions, and conclusory statements are not factual allegations and need not be accepted by the court. *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). If, accepting the alleged facts as true, the plaintiff has failed to show plausible entitlement to relief from the defendants, the motion to dismiss must be granted, but the court should not grant a motion to dismiss unless the plaintiff is clearly not entitled to relief under any possible construction of the allegations. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989).

## III. DISCUSSION

### A. Martin's Motion to Dismiss

Davis has alleged that the defendants used excessive force when arresting him. Stops, arrests, and other seizures of a person who are not yet in custody are analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989).

Pageid#: 267

The Fourth Amendment guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures."

Determining whether force used was "reasonable" must be made on a case-by-case basis, considering the facts and circumstances of each case and balancing the nature and extent of the intrusion on a citizen's rights against the seriousness of the law enforcement interests in that particular case. The right to make a lawful arrest necessarily includes the right to use some degree of force to effect the arrest, if necessary. In considering the reasonableness of a particular use of force, the court must judge from the perspective of a reasonable officer on the scene, not "with the 20/20 vision of hindsight." *Id.* at 396. Factors a court must balance include the severity of the crime a person is being charged with, whether the suspect poses an immediate threat to the safety of the officers or other people, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.* The amount of force used must be proportional to the circumstances. *Smith v. Town of South Hill*, 611 F. Supp. 3d 148, 175 (E.D. Va. 2020).

In applying this balancing test, the court must recognize that arrest situations can be volatile and that the amount of force appropriate in a situation may change quickly. Force that might be justified at one point in the encounter may not be justified "even seconds later if the justification for the initial force has been eliminated." *Meyers v. Baltimore County, Md.*, 713 F.3d 723, 733 (4th Cir. 2013).

The only factual allegation against defendant Martin is that he tried to grab Davis's leg when he saw Davis in the attic, but Davis got away from Martin. At that time, Davis was trying to evade arrest, and Martin grabbing at his leg was not objectively unreasonable under the circumstances existing at that moment. I will grant Martin's motion to dismiss, but grant Davis leave to allege any additional facts to support an excessive force claim against Martin.

5

B. <u>Motion to Dismiss by Guynn, Patteson, and Tickle</u>

Guynn, Patteson, and Tickle argue that the case against them is barred by the statute of limitations. Section 1983 does not contain an explicit statute of limitations but borrows the forum state's personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 251 (1989). In Virginia, that statute is two years. Va. Code § 8.01-243(A); *Battle v. Ledford*, 912 F.3d 708, 713 (4th Cir. 2019). Davis's cause of action arose when he was arrested and beaten on January 23, 2023. His motion to file his Second Amended Complaint, adding Guynn, Patteson, and Tickle as defendants, and dismissing Moye from the suit, was placed in the prison mail on May 12, 2025, nearly four months after the statute of limitations expired. The court granted the motion to amend because Davis had misidentified the officers involved, "which he learned in defendants' responses to discovery," and ordered the Second Amended Complaint filed on June 2, 2025.

Rule 15 of the Federal Rules of Civil Procedure instruct when an amendment to the complaint which "changes the party or the naming of the party against whom a claim is asserted," relates back to the date of the original filing. An Amended Complaint will relate back where (1) the claims in the Amended Complaint arise out of the same facts upon which the original Complaint was based; (2) the new party named in the Amended Complaint received actual or constructive notice of the lawsuit within the time limit for service after the original Complaint was filed and will not be prejudiced in defending the claim; and (3) the new party knew or should have known that he would have originally been named as a defendant "but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C)(ii).

Guynn, Patteson, and Tickle assert that Davis's Second Amended Complaint does not relate back to the original filing under Rule 15(c)(1)(C) because (1) the fact that Davis lacked

6

knowledge about which deputies violated his constitutional rights is not the same as a mistake concerning the party's identity; (2) replacing the John Does with known defendants after the statute of limitations has run does not relate back to the original filing; and (3) Guynn, Patteson, and Tickle were not aware that Davis would have named them but for a mistake, and they did not receive such notice "that they would not be prejudiced in defending on the merits." The defendants concede that the claims in the Second Amended Complaint arose out of the same facts set forth in the original Complaint.

Defendants rely on *Locklear v. Bergman & Beving AB* to argue that lack of knowledge about who the proper defendant is does not constitute a mistake. 457 F.3d 363, 366–67 (4th Cir. 2006). However, the Fourth Circuit severely limited such a broad interpretation of *Locklear* in *Goodman v. Praxair, Inc.*, 494 F.3d 458, 472 (4th Cir. 2007) (*en banc*), where the court clarified that the relation back inquiry under Rule 15 focuses not on what mistake the plaintiff made but on notice to the new party and the potential prejudice to the new party. *Id.* at 470. Rule 15(c) reflects a complex compromise between two competing policies: The preference for liberal amendment of pleadings and resolving cases on the merits versus respecting defendants' rights to have predictable relief from the threat of unexpected legal action after a specific amount of time. *Id.* at 467–68.

The Fourth Circuit also discussed in *Goodman* what the rule means by an amendment that "changes" the party or the naming of a party, rejecting the argument that only substitution of one party for another constitutes a change. The Court favored a liberal construction of the word "change," allowing amendments–whether they correct the spelling of a name, substitute a party, add one or more parties, or drop a party– to relate back to the date of original filing, if the policies underlying statutes of limitation are also protected. *Id.* at 468; see also *Krupski v. Costa*

7

*Crociere S. p. A.*, 560 U.S. 538, 548–49 (2010) (emphasizing that the proper analysis under Rule 15(c) is not whether the plaintiff knew or should have known the identity of the proper defendant, but whether the defendant knew about the lawsuit and knew or should have known that it would have been named as a defendant but for some mistake).

Defendants emphasize law that replacing "John Doe" defendants with real defendants after the statute of limitations has already passed does not relate back to the original filing. *Goodman*, 494 F.3d at 471. Here, however, when the case was served, there were no longer any "John Doe" defendants. Davis had identified all defendants and had named those officers he believed were involved, and the statute of limitations had not expired when these defendants were served.

Finally, these defendants have not shown that they lacked constructive or actual knowledge of this lawsuit, especially as they all still work at the Giles County Sheriff's Office and are represented by the same attorney as the original defendants. See *Preston v. Virginia Cmty. Coll. Sys.*, No. 1:23CV00053, 2024 WL 4564283 (W.D. Va. Oct. 24, 2024) (noting the identity of interests, where "parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced"). Indeed, the court could only rule in the defendants' favor on a statute of limitations defense at the motion to dismiss stage "if all facts necessary to the affirmative defense clearly appear on the face of the *complaint*." *Goodman*, 494 F.3d at 464 (internal quotation and citation omitted).

### IV. Conclusion

In consideration of Davis' pro se status, I will give Davis 30 days to file an Amended Complaint if he believes he has sufficient additional facts to support a claim against Martin. The

Amended Complaint will replace the previously filed complaints, so Davis must re-name as defendants and re-allege the factual claims against all defendants in the suit, not just against Martin. If Davis chooses not to file an Amended Complaint, then Martin will be dismissed as a defendant, and the case will continue with the Second/Third Amended Complaint as the operative pleading.

    I will deny the Motion to Dismiss filed on behalf of Guynn, Patteson, and Tickle at this time. I will also grant the defendants' previously filed Motion to Continue Trial and enter a new pretrial order establishing appropriate discovery and other deadlines.

    An appropriate order will be entered this day.

    Entered: November 10, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge