CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
December 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BRADLEY RAY DAVIS,** ) | |
| Plaintiff, ) | Civil Action No. 7:23cv00744 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| **RYAN EATON, et al.,** ) | By:  Robert S. Ballou |
| Defendants. ) | United States District Judge |

Plaintiff Bradley Ray Davis, a former Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging excessive use of force during his arrest, in violation of his constitutional rights.  Defendants have filed a Motion to Dismiss on the grounds that Davis he has failed to update his address with the court, as required by several previous orders.  Upon consideration of the motion and the history of the case, I will grant the motion and dismiss this case without prejudice.

Davis filed this suit in November 2023.  At the time, he was an inmate at Nottingham Correctional Center.  By order entered November 15, 2023, the court advised Davis that he must provide written notice of any change of address immediately upon transfer or release; the order stated, in all capital letters, that "Failure to notify the court of such a change of address will result in dismissal of the case."  Dkt. No. 3, ¶ 6.  In another order, entered December 18, 2023, the court again advised plaintiff that he must update the court in writing of any change of address, and that failure to do so (in all capital letters) would result in dismissal of his case.  Dkt. No. 5, ¶ 4.

Davis complied with the orders by notifying the court of his transfer to River North Correctional Center on May 1, 2025.  On September 8, 2025, he complied again, notifying the court of his transfer to a halfway house in Lebanon, Virginia.  By order entered September 22,

2025, the court advised Davis to pay the balance of his filing fee or file a motion to proceed *in forma pauperis*, because he was no longer incarcerated, and again iterated that he must "maintain an address of record" where he could receive the court's orders; failure to comply with the order within 30 days and to maintain an address of record "shall result in the immediate dismissal of this action without prejudice." Dkt. No. 77. Plaintiff responded by filing a motion to proceed *in forma pauperis*.

On October 30, 2025, the court scheduled a final pretrial conference for November 12, 2025. A copy of the hearing Notice was mailed to plaintiff, along with a copy of a docketed verbal order to provide the court, in writing, a telephone number where he could be reached within 14 days. Dkt. Nos. 82, 83.

On November 10, 2025, the court granted the defendants' motion to continue the trial date. Notice of the cancellation of November 20 trial date and the November 12 pretrial conference was mailed to plaintiff on that date, along with other correspondence. Dkt. No. 86. Because the court had not yet received a phone number from Davis, the Clerk's office also called the halfway house to advise that the pretrial conference on November 12 was cancelled, in case the mail did not arrive on time. The court learned that Davis had been released from the halfway house. A staff attorney contacted Davis's probation officer to obtain a contact phone number for Davis, and a message was left at that phone number to advise him of the continuance and the cancellation of the hearing. On November 24, 2025, the correspondence mailed to Davis on November 10 was returned, marked "No longer at this address, Return to sender." Dkt. No. 87.

Davis has not provided his address or phone number to the court, and the court has not heard from plaintiff since October 14, 2025, when he filed his motion to proceed *in forma pauperis*. Although Fed. R. Civ. P. 41(b) permits the court to dismiss a case with prejudice for

failure to prosecute, courts examine several factors to determine whether such dismissal is appropriate, "in view of the sound public policy of deciding cases on their merits." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (citations and internal quotation omitted). Those factors are: (1) the degree of the plaintiff's personal responsibility for the failure; (2) the prejudice caused to the defendant; (3) whether plaintiff had a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. *Id.*

The first two factors weigh in favor of dismissal with prejudice. The plaintiff clearly knew of the court's requirements, having complied several times before, but failed to notify the court of his new address or his contact phone number after he left the halfway house. The defendants had expended resources defending against the case, to their prejudice. The other two factors weigh in Davis's favor. Before October 14, 2025, plaintiff had timely complied with court requirements for nearly two years; he did not have a history of deliberate delay. Finally, dismissal without prejudice is an available remedy that is less draconian. Combined with the policy preference for deciding cases on their merits, I will dismiss this case without prejudice to Davis's ability to refile his claim in a new civil action, subject to the applicable statute of limitations.

Defendant's Motion to Dismiss (Dkt. No. 88) is **GRANTED**, the case is **DISMISSED without prejudice**, and the matter is **STRICKEN** from the active docket of the court.

Enter: December 17, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge